**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MIRIAM SAMUEL, *individually and on behalf of all others similarly situated*,<br><br>               Plaintiff,<br><br>   v.<br><br>EASTERN ACCOUNT SYSTEM OF CONNECTICUT, INC.,<br><br>               Defendant. | Civil Action No: 1:24-cv-00049<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Miriam Samuel (hereinafter, "Plaintiff") brings this Class Action Complaint by and through her attorneys, against Defendant Eastern Account System of Connecticut, Inc. ("MRLP" or "Defendant") individually and on behalf of a class of all others similarly situated, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." *Id.* at §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* at § 1692(e). After determining that the existing consumer protection laws were inadequate, *see id*. at § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers pursuant to § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

6. Plaintiff and the Class members are seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings.

8. Plaintiff is a "person" as the term is used in 15 U.S.C. § 1692d.

9. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is registered to accept service of process at 111 Park Ridge Road, Brookfield, CT, 06804.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. All individuals with addresses in the State of New York;

    b. Who received a collection communication from the Defendant;

    c. Which contained a balance for the total amount owed;

    d. That included an improper amount charged to Plaintiff for fees; and

    e. which improper collection actions occurred on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

Subclass consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Defendant sent an initial collection letter;

    c. attempting to collect a consumer debt;

    d. providing an amount owed;

    e. based on a particular date range between a date certain and "today";

      f.     without dating the collection letter

      g.     which was sent on a date on or after the CFPB Regulation F took effect on November 30, 2021;

      h.     which failed to include all necessary information and notices under 12 CFR §§ 1006.34 and/or 1004.42; and

      i.     which letter was sent on or after a date one (1) year prior to the filing of this action and on or before January 3, 2024.

13. The identities of all Class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14. Excluded from the class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Class, which common questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers, similar in form to that attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in this litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers after creating a payment plan, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Sometime prior to June 28, 2022, Plaintiff allegedly incurred a debt with NYS Electric & Gas Corporation (hereinafter, "NYSEG").

22. The alleged debt was incurred solely for personal, household or family purposes.

23. The subject obligations are consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

24. Upon information and belief, NYSEG contracted with Defendant for the purpose of collecting this alleged debt.

25. Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26. On a date better known by Defendant, Defendant sent Plaintiff a collection letter to collect upon the alleged NYSEG debt. A true and accurate copy of the collection letter NYSEG mailed to the Plaintiff is attached as **Exhibit A**, hereinafter "Letter."

27. Plaintiff disputes the authenticity of this debt.

28. The Letter is not dated.

29. Despite the fact that the Letter lacks a date, Defendant states, in relevant part:

You have a Utilities bill from NYS ELECTRIC & GAS CORPORATION with account number ********3071.

| | |
|---|---:|
| As of June 28, 2022 you owe: | $274.09 |
| Between June 28, 2022 and today: | |
| You were charged this amount in interest: | +     $0.00 |
| You were charged this amount in fees: | +  $3,215.94 |
| You paid or were credited with this amount toward the debt: | -     $0.00 |
| **Total amount of the debt now:** | **$3,490.03** |

*Violation I – Improper Fees*

30. In the breakdown, Defendant states that the Plaintiff owed $274.09 as of June 28, 2022. *See id*.

31. In the same breakdown, Defendant also states that, between June 28, 2022 and the date the Letter was sent, no interest was incurred on the debt and no payments or credits were made towards the debt but fees accrued in the amount of $3,215.94. *See id*.

7

32. Defendant concludes the breakdown by stating that the total balance owed now is $3,490.03. *See id*.

33. Per this itemization, Plaintiff incurred interest on the alleged debt in the amount of $3,215.94 in less than a year. *See id*.

34. The Letter provides no explanation as to why such an exorbitant amount of fees were incurred on the debt.

35. If these had actually been accrued over a longer period of time then the itemization given for the debt is false.

36. Furthermore, the Plaintiff in response to this letter and believing that the debt amount was improper, disputed this debt.

37. The Defendant in response to the validation request sent a final invoice bill for the dates of service of 10/19/2020-01/25/2022 which includes no fees charged. (See **Exhibit B**).

38. The final date of this bill predates the itemization date on the collection letter, clearly illustrating the itemization the be false.

39. This discrepancy in the amount due now that increased without explanation over 1,173% over a time period of less than a year left the Plaintiff confused and unable to pay this debt as she suspected fraud on this account.

40. Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

41. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the amount of the fees charged over a relatively short time period on the alleged debt.

42. Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it makes "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

43. By deceptively misrepresenting the timeframe on fees charged on the alleged debt, Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(10).

44. Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

45. A debt collector violates 15 U.S.C. § 1692f(1) when it tries to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

46. Defendant's attempt to unlawfully collect on fees in excess of the lawful amount it can collect is a direct violation of 15 U.S.C. § 1692f(1).

47. By showing such a significant fees charge over less than a year, Defendant acted unfairly and unconscionably in an effort to collect a debt and to collect more than they are legally obligated to collect upon, in violation of 15 U.S.C. § 1692f.

48. Pursuant to 15 U.S.C. § 1692g, a debt collector must provide certain disclosures to consumers related to the underlying debt, including the amount of the debt, the name of the creditor to whom the debt is owed, and statements regarding the dispute or verification process.

49. Pursuant to 15 U.S.C. § 1692g(a)(1), Defendant is required to inform the Plaintiff of the amount owed on the alleged debt.

50. Defendant violated 15 U.S.C. § 1692g when it failed to provide the correct itemization on the fees charged in the time specified for an initial collection communication.

51. Accordingly, Defendant's conduct violated multiple provisions of the FDCPA.

*Violation II – Undated Collection Letter*

52. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

53. There is no way to determine from the Letter which date "today" and "now" refer to, as the Letter is not dated.

54. The Plaintiff was thereby misled as to the status of the subject debt, for it was not associated with a particular date.

55. Furthermore the debt allegedly changed over a time period leading Plaintiff to believe it would continue to do so, but could not know for certain without a proper date on the letter.

56. It is common practice to date official letters.

57. Letters that lack a date make them seem illegitimate.

58. A consumer, such as Plaintiff, cannot pay an alleged debt, trusting the debt collector, such as Defendant, and the statements made within the debt collector's correspondence, when it appears that the information stated in the debt collector's letter is incorrect, inaccurate, or otherwise misleading, making the consumer question the legitimacy of the debt collector's attempts to collect the alleged debt.

59. The fact that Defendant did not date the letter and yet attempted to define the subject debt based on a nebulous date was suspicious, misleading, and out of character for a legitimate debt collection.

60. Therefore, Defendant's omissions cast a negative shadow over its debt collection practice in general.

61. By withholding the date of the letter, Defendant withheld a material term from Plaintiff which made it confusing for her to understand the nature of the subject debt.

62. Additionally, the debt was not static during this time period, so it is impossible for Plaintiff to determine if the debt is continuing to accrue fees without a date defining the time period of the breakdown of the debt.

63. When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed.

64. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

65. When a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

66. Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

67. One important element of consumer protection revolves around keeping the consumer informed.

68. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field with the debt collector.

69. However, when a debt collector withholds key information about a debt from the consumer, they encourage rash decision-making and consumers are left without any power to face the debt collector in a meaningful way.

70. These violations by Defendant were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

71. As dating a letter is so basic in the business world, the fact that Defendant left the Letter dateless arouses suspicion as to their underlying motivations for doing so.

72. The non-dated letter coupled with the references to "today" and "now" make it appear that the entire letter is just an attempt to improperly extort money from Plaintiff and coerce Plaintiff to pay.

73. Defendant's actions created an appreciable risk of harm to Plaintiff of being unable to properly respond to or handle Defendant's debt collection efforts.

74. Plaintiff's failure to pay the debt arose from the collection Letter itself because Plaintiff believed it was an attempt to collect inaccurate or improper monies.

75. That harm would further materialize because Defendant's actions caused Plaintiff to expend time, in reliance on the improper content of the letter and lack of consistent sensible information, to ascertain what her options and possible responses could or should be.

76. Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

77. Defendant's deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately or informatively respond to Defendant's demand for payment of this alleged debt.

78. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of the debt collection informational furnishment, and ultimate dissemination, to third parties.

79. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

80. Plaintiff was misled and made uncertain to her detriment by the statements and/or omissions in the Letter and relied on the contents of the Letter to her detriment.

81. When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, in violation of the law, the debt collector has harmed the consumer.

82. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

83. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

84. The harms caused by Defendant have a close relationship with various harms traditionally recognized as providing a basis for lawsuit in American courts.

85. As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent infliction of emotional distress, invasion of privacy, and nuisance.

86. For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

87. Plaintiff suffered various emotional harms including, but not limited to, increased heartrate, difficulty with sleep, anxiety, and stress associated with the fear of a debt collector attempting to collect an improper amount on the debt.

88. Defendant's conduct demonstrated a reckless disregard for causing Plaintiff to suffer from emotional stress.

89. Defendant's violations were knowing, willful, negligent, and/or intentional, and Defendant did not maintain policies and procedures reasonably adapted to avoid any such violations.

90. Defendant's conduct with respect to its collection efforts were material in that the same affected and frustrated Plaintiff's ability to intelligently respond to Defendant's Letter.

91. Defendant's Letter further caused distress, embarrassment, humiliation, disruption, and other damages and consequences because Plaintiff was unaware as to why Defendant showed a balance due for foreclosure fees and costs.

92. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be harassed or treated unfairly in connection with the collection of a debt.

93. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with a legally protected right to not suffer an invasion of privacy in connection with the collection of a debt.

94. In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

95. Specifically, here the Plaintiff spent time to call the debt collector as per the instructions to obtain payoff and reinstatement statements but was instead led down a path of confusion, distress, deception, and stress.

96. In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

97. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d et seq.

98. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 97 as if set forth herein.

99. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

100. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

101. Defendant violated §1692d:

   a. By omitting a date from their dunning letter and defining Plaintiff's debt based on the omitted date.

102. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e et seq.

103. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 97 above herein with the same force and effect as if the same were set forth at length herein.

104. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

105. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

106. Pursuant to 15 U.S.C. § 1692e: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

107. Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

108. Defendant violated § 1692e(2)(A) when it misrepresented the amount of the fees incurred over the provided timeframe in the Letter to Plaintiff and the Class members.

109. Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it makes "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

110. By deceptively misrepresenting the amount of fees incurred on of the alleged debt, Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(10).

111. Defendant violated §1692e:

   a. By misrepresenting the amount of fees incurred on the alleged debt by providing exorbitant fees charge for less than one (1) elapsed year in the itemized breakdown;

   b. By failing to maintain policies and procedures that were reasonably calculated to prevent collection communications from being sent that did not obfuscate the correct fees incurred on the alleged debt;

    c. As the letter falsely represents the true character and/or legal status of the debt in violation of §1692e(2)(A); and

    d. By making a false and misleading representation/omissions in violation of §1692e(10).

112. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f et seq.

113. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 97 as if set forth herein.

114. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

115. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

116. Additionally, § 1692f(1) prevents debt collectors from collecting any amount that is not "expressly authorized by the agreement creating the debt or permitted by law."

117. Defendant violated §1692f:

    a. By unfairly and unconscionably sending collection letters with unreasonable fees charges without showing that it was legally authorized to collect such an amount;

    b. By failing to maintain policies and procedures that were reasonably calculated to prevent Defendant from making collection communications seeking more money than it is legally authorized to collect upon; and

    c. By omitting a material term from the dunning letter to disadvantage the Plaintiff from making an educated decision regarding the subject debt.

118. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### COUNT IV
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g et seq.

119. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 97 as if set forth herein.

120. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

121. Pursuant to 15 USC §1692g(a):

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    1. The amount of the debt;

    2. The name of the creditor to whom the debt is owed;

    3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

    4.    A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    5.    A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

122. Defendant violated Section 1692g(a):

    a. By failing to disclose the correct amount owed on the alleged debt because the fees charged in the Letter does not accurately state the amount incurred over the specified timeframe;

    b. By failing to maintain policies and procedures that were reasonably calculated to prevent collection communications from being sent that did not obfuscate the balance of the alleged debt and the fees incurred; and

    c. By failing to properly provide the amount of the debt, by pegging it to an unknown date.

123. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

124. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Miriam Samuel, individually and on behalf of all others similarly situated, demands judgment from Defendant as follows:

1. Declaring that this action is properly maintained as a Class Action and certifying the Plaintiff as Class Representative, and the undersigned as Class Counsel;

2. Awarding the Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. Awarding the Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4. Awarding the Plaintiff costs for this Action, including reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

5. Providing declaratory relief for the Plaintiff and the Class by stating that the Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201;

6. Awarding the Plaintiff and the Class punitive damages for Defendant's willful and reckless conduct; and

7. Awarding the Plaintiff and the Class any such other and further relief as this Court may deem just and proper.

Dated:  January 3, 2024                                    Respectfully submitted,

**STEIN SAKS, PLLC**
*/s/ Rami Salim*
By: Rami Salim, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: 201-282-6500
Fax: 201-282-6501
rsalim@steinsakslegal.com
*Counsel for Plaintiff Miriam Samuel*